UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. BOWMAN,<br>      Plaintiff<br><br>      v.<br><br>KIMBERLY IDDON, *et al.*,<br>      Defendants | Civil Action No. 14-520 (CKK) |

MEMORANDUM OPINION
(October 13, 2015)

Plaintiff John J. Bowman, proceeding *pro se*, brings this action against five current and former employees of the Internal Revenue Service ("IRS"), claiming that those employees violated his Constitutional due process rights in taking action to suspend him from practicing as an "enrolled agent" before the IRS with defective notice because the notice of the suspension proceedings was not sent to the correct address. Bowman also claims that the IRS had no jurisdiction over him as a result of prior criminal proceedings in the United States District Court for the Western District of Pennsylvania. Bowman seeks damages from the Defendants in their individual capacities under the doctrine of *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Presently before this Court is Defendants' [13] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that Plaintiff has no standing to bring this action because Plaintiff cannot show that Defendants

---

[1] Notwithstanding Defendants' suggestion that the complaint "fails to specify the Federal Defendants in their official capacities or personal capacities," Defs.' Mot. to Dismiss at 7, the Complaint states clearly that Plaintiff is bringing claims against Defendants in their individual capacities only. *See* Compl. at 1 ("Wherein, defendants in their individual capacity violated Plaintiff's Fifth Amendment right."); *id.* at 17 ("This lawsuit is brought against 5 defendants in their individual capacity, not their official capacity."); *see also* Pl.'s Opp'n at 3 (confirming that the suit is brought against Defendants only in their individual capacities).

1

caused the injury that Plaintiff allegedly suffered. Defendants argue that the Complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to Rule 12(b)(6) because (a) the comprehensive remedial scheme pertaining to the challenged conduct precludes a *Bivens* remedy; (b) the claims are barred by absolute immunity or qualified immunity[2]; (c) the Complaint fails to allege a Constitutional injury because Bowman was never authorized to practice as an "enrolled agent"; and (d) the Complaint fails to allege facts sufficient to state a plausible claim for relief against any of the defendants. Upon consideration of the pleadings,[3] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendants' motion. The Court concludes that, although Plaintiff has standing to pursue this action, the Complaint fails to state a claim because a *Bivens* remedy is unavailable as a result of the comprehensive remediable scheme regarding the actions that are the basis of this action. The Court, therefore, need not resolve Defendants other arguments for dismissal. This action is dismissed in its entirety.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff' Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp.*

---

[2] Defendants also argue that, insofar as the Complaint includes claims against Defendants in their official capacities, those claims are barred by sovereign immunity. Because the Complaint includes no such claims, the Court has no occasion to consider that argument.

[3] The Court's consideration has focused on the following documents:
- Federal Defendants' Mot. to Dismiss ("Defs.' Mot. to Dismiss"), ECF No. 13;
- Pl.'s Answer to Defs.' Mot. for Dismissal According to Fed. R. Civ. P. 12(b)(1) ("Pl.'s Opp'n"), ECF No. 16; and
- Reply in Support of Federal Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 20.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

*v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). The Court recites the facts pertaining to the issues raised in the pending motion, focusing on those facts relevant to the inquiries in which the Court engages.

On September 9, 2003, Plaintiff was indicted in the United States District Court for the Western District of Pennsylvania for multiple felonies, including mail fraud, wire fraud, and money laundering. Compl., Facts ¶ 2. As a result, Plaintiff was incarcerated between August 10, 2005, and June 18, 2010. *Id.* ¶ 3. On January 9, 2006, the IRS Officer of Professional Responsibility sent a notice of proceeding, Complaint No. XP-2006-067, to Plaintiff's business address (5031 Route 8 Gibsonia, PA 15044). *Id.* ¶ 12. Defendant did not receive the notice. *See id.* ¶ 13. On March 3, 2006, the IRS sent to the same address notice of the suspension decision by Defendant Cono Namorato, which stated that "effective this date, you are suspended from eligibility to practice before the Internal Revenue Service. Your suspension prohibits you from engaging in practice before the Internal Revenue Service as that term is defined in section 10.2(d) of Circular 230." *Id.* ¶ 14. Defendant Karen Copeland notified other IRS employees and affiliates of the suspension by e-mail on March 15, 2006. *Id.* ¶ 15. The suspension was announced publicly through the Internal Revenue Bulletin 2006-18, dated May 1, 2006, Announcement 2006-23, which publicized disciplinary actions regarding attorneys, certified public accountants, enrolled agents, and enrolled actuaries. *Id.* ¶ 16. The Bulletin identified Plaintiff as an "enrolled agent" and identified the date of his suspension as "indefinite from March 9, 2006."[4] *Id.*; *see also* Internal Revenue Bulletin, 2006-18 I.R.B. 855, 859 (May 1,

---

[4] The Court notes that Plaintiff does not allege that he was an "enrolled agent." He only alleges that IRS identified him as an "enrolled agent." Compl., Facts ¶ 1. In Plaintiff's Opposition, he explicitly disclaims ever being an enrolled agent. Pl.'s Opp'n at 2. Similarly, in Defendants' briefing, Defendants argue that Plaintiff never was an enrolled agent. *See* Def.'s Mot. at 16-18

2006), *available at* http://www.irs.gov/pub/irs-irbs/irb06-18.pdf, last visited October 2, 2015. Plaintiff did not learn of the suspension until he was released from prison. Compl., Facts ¶¶ 18-19.

## II. LEGAL STANDARD

Pursuant to Article III of the Constitution, Defendant moves to dismiss this action on the basis that this Court has no jurisdiction because Plaintiff lacks standing. "Article III of the Constitution limits the jurisdiction of federal courts to 'actual cases or controversies between proper litigants.'" *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) (quoting *Fla. Audubon Soc'y v. Bentsen,* 94 F.3d 658, 661 (D.C. Cir. 1996)). Because standing is a "threshold jurisdictional requirement," a court may not assume that Plaintiff has standing in order to proceed to evaluate a case on the merits. *Bauer v. Marmara*, 774 F.3d 1026, 1031 (D.C. Cir. 2014). A plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009). "To establish constitutional standing, plaintiffs 'must have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.'" *Mendoza*, 754 F.3d at 1010 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1386 (2014); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of

---

(citing Iddon Decl. ¶¶ 4-5,7; Rogers Decl. ¶¶ 2-5). However, the Court's resolution of the pending motion to dismiss does not turn on whether or not Bowman was, in fact, an enrolled agent at the time of the suspension or at any other time.

'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Defendants move to dismiss the Complaint because Plaintiffs lack standing to pursue this action. Defendants also move to dismiss the Complaint for failure to state a claim. The Court considers first, as it must, the threshold jurisdictional issue of standing.

**A.  Standing**

"The 'irreducible constitutional minimum of standing contains three elements': injury in fact, causation, and redressability." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). "Injury in fact is the 'invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan*, 504 U.S. at 560) (alterations in original). "The 'causal connection between the injury and the conduct complained of' must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Id.* (quoting *Lujan*, 504 U.S. at 561). Finally, "it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 561).

Defendants only challenge standing with respect to the second prong, arguing that there is not a sufficient causal connection between the alleged deficiencies in the notice given to Plaintiff

regarding the suspension and the harm that he suffered.[5] Defendants present two arguments about why causation is lacking here, and the Court finds both arguments unavailing.

First, Defendants argue that Plaintiff's felony convictions were grounds for suspending him from practice before the IRS as a matter of law—and that therefore any deficiency in notice was irrelevant. The Court disagrees. Pursuant to IRS Circular 230, with respect to practitioners who have "been convicted of any crime under title 26 of the United States Code, any crime involving dishonesty or breach of trust, or any felony for which the conduct involved renders the practitioner unfit to practice before the Internal Revenue Service," "the expedited procedures described in this section *may be used* to suspend the practitioner from practice before the Internal Revenue Service." 31 C.F.R. § 10.82 (emphasis added). Contrary to Defendant's suggestion, Circular 230 does not mandate that someone in Plaintiff's position would necessarily be suspended from practice. It simply allows the use of expedited procedures to do so. But even those expedited procedures involve sending notice to the person who would be subject to a suspension—and Plaintiff's claim revolves around allegedly defective notice. It is not a foregone conclusion that Plaintiff would nonetheless have been suspended had Plaintiff received the notice that he claims was constitutionally required. Therefore, Plaintiff's status as a felon and the availability of expedited procedures in these circumstances does not interrupt the chain of

---

[5] The Court notes that Defendants' argument that Plaintiff did not suffer a "Constitutional injury" because Plaintiff was never authorized to practice as an "enrolled agent" is directed at the question of whether Plaintiff has alleged an injury that could be the basis for a *Bivens* remedy rather than whether Plaintiff has alleged an injury that would provide him standing to bring this action in the first instance. See Def.'s Mot. at 16 (citing cases analyzing whether injuries would suffice for the purposes of bring *Bivens* actions). In any event, the Court concludes that, whether or not Plaintiff was ever actually an "enrolled agent," the fact that he was publicly suspended from practice before the IRS indefinitely, as if he were an "enrolled agent," qualifies as an injury for standing purposes.

causation between the harm that Plaintiff allegedly suffered and the actions that he claims are unconstitutional.

Second, Defendants argue that the allegedly unconstitutional actions of the IRS employees did not cause the harm that Plaintiff suffered because any enrolled agent status would have terminated after three years due to Plaintiff's failure to comply with the applicable renewal requirements. The Court disagrees. It appears that Plaintiff claims that he was harmed by publication of the IRS bulletin indicating that he was suspended. The harm that he claims accrued immediately when the Internal Revenue Bulletin 2006-18, which noted Plaintiff's suspension, was published on May 1, 2006. The fact that the status that Plaintiff may have had as an enrolled agent would have expired due to Plaintiff's failure to comply with renewal requirements at a later point, therefore, does not eliminate causation for standing purposes.

Accordingly, the Court concludes that Plaintiff has standing to pursue the *Bivens* action that he purports to bring. The Court next addresses whether it is possible to bring a *Bivens* action in these circumstances.

**B.   Availability of a *Bivens* Remedy**

Defendants argue that a *Bivens* remedy is unavailable in the circumstances of this case because a comprehensive remedial scheme exists in the Internal Revenue Code and the accompanying regulations. Plaintiff responds that "constitutional rights, if they are to be rights at all, must have some discernible remedy." Pl.'s Opp'n at 3. Plaintiff further responds that "[l]eaving Plaintiff to pursue remedies without the Court's assistance through the very agency for which Defendant Iddon was the main actor on both sides of the investigation would be, in essence[,] no remedy at all." *Id.* The Court agrees with Defendants that *Bivens* remedy is

precluded as a result of the comprehensive remedial scheme in the Internal Revenue Code and its implementing regulations.

Pursuant to the Supreme Court's decision in *Bivens,* Federal courts "have discretion in some circumstances to create a remedy against federal officials for constitutional violations." *Wilson v. Libby,* 535 F.3d 697, 704-05 (D.C. Cir. 2008). As the D.C. Circuit has counseled, however, courts "must decline to exercise that discretion where 'special factors counsel[ ] hesitation' in doing so." *Id.* "One [such] 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Id.* That is, when "Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies," courts "must withhold their power to fashion damages remedies" pursuant to *Bivens. Spagnola v. Mathis,* 859 F.2d 223, 228 (D.C. Cir. 1988) (per curiam) (en banc), *rev'd on other grounds, Hubbard v. EPA,* 949 F.2d 453, 467 (1991); *see also Schweiker v. Chilicky,* 487 U.S. 412, 429 (1988) (when "Congress has discharged that responsibility [to create a complex government program] ... we see no legal basis that would allow us to revise its decision").

Defendants assert that the Internal Revenue Code is one such "comprehensive" remedial scheme and that the Court therefore should decline to extend *Bivens* in this instance. The Court agrees. In *Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011), the D.C. Circuit Court of Appeals considered the situation of aggrieved taxpayers who challenged alleged IRS wrongdoing and endorsed the conclusion of the district court that "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code." *Id.* at 717. In *Kim*, the

Court of Appeals also noted that this conclusion was in accordance with numerous other Circuit Courts. *Id.* at 717-18 (citing cases).

For the same reasons that a *Bivens* remedy was unavailable in *Kim* with respect to the claims of aggrieved taxpayers, such a remedy is unavailable in the circumstances of this case with respect Plaintiff's suspension from practice as an alleged enrolled agent. Congress has authorized the Secretary of the Treasury to "regulate the practice of representatives of persons before the Department of the Treasury." 31 U.S.C. § 330(a)(1). In accordance with this authorization, the Treasury Department has "created a detailed scheme to address accusations of practitioner misconduct." *Kenny v. United States*, 489 F. App'x 628, 632 (3d Cir. 2012). Those regulations "contain twenty-two rules governing disciplinary proceedings," including provisions for an administrative appeal process within the agency. *Id*. (citing 31 C.F.R. §§ 10.60–10.82). "A practitioner may then appeal an adverse determination to the federal district and circuit courts for further review." *Id.* (citing *Harary v. Blumenthal,* 555 F.2d 1113, 1115 n.1 (2d Cir. 1977); *Lopez v. United States,* 129 F. Supp. 2d 1284, 1288 (D.N.M. 2000)). In light of these provisions, the U.S. Court of Appeals for the Third Circuit considered a purported *Bivens* claim regarding disciplinary proceedings before the IRS in *Kenny* and concluded that the "provisions governing potential disbarment or suspension before the IRS create a comprehensive remedial scheme for addressing allegations of practitioner misconduct, including any constitutional concerns raised by practitioners." *Id*. The Third Circuit therefore declined to infer a *Bivens* remedy regarding claims about IRS disciplinary proceedings. The same conclusion is applicable in this case. In light of the D.C. Circuit's holding in *Kim* that the Internal Revenue Code establishes a comprehensive remedial scheme, and given that this remedial scheme is applicable to

9

practitioner misconduct, such as the conduct at issue in this case, the Court concludes that no *Bivens* remedy is available to Plaintiff in this case.

As a final matter, the Court notes that the fact that Plaintiff may not, in fact, have ever been an enrolled agent—either at the time of the suspension or at any other time—does not change this conclusion. In light of the comprehensive remedial scheme, Plaintiff's remedy is to seek redress for his grievances through the scheme set up by Congress and by the regulations of the Treasury Department. Plaintiff may not, by contrast, seek damages through a *Bivens* action in this Court. Because this action is limited to the *Bivens* remedy that Plaintiff seeks, the Court dismisses this action in its entirety because no *Bivens* remedy is available, and the Court has no occasion to consider any of Defendants' other arguments in favor of dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' [13] Motion to Dismiss. This case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: October 13, 2015

                                                    /s/
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge